UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JESUS ESTUARDO DELGADO-CAMPUZANO,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility, DAVID T. WESLING, Acting Boston Field Office Director, U.S. Immigration and Customs Enforcement, TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, KRISTI NOEM, U.S. Secretary of Homeland Security, PAMELA BONDI, U.S. Attorney General, (or their successors),<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 26-cv-11141-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On March 16, 2026, the Court granted Petitioner's petition for a writ of habeas corpus and ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). [ECF No. 12]. The Court also ordered the government to show cause why Petitioner was not entitled to an attorney fee award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, [id.], which was sought by Petitioner's original petition, [ECF No. 1 at 11]. The government responded to that order on March 26, 2026, asserting that Petitioner had not yet "submitted the required application for such award" and raising several other arguments. [ECF No. 13 at 2]. On April 10, 2026, Petitioner filed a reply, which referred to itself as an "application for an EAJA fee award," [ECF No. 15 at 9], and contained all the elements of a fee

application.  See 28 U.S.C. § 2412(d)(1)(B) (requiring the applying party to (1) "show[] that the party is a prevailing party and is eligible to receive an award under [the EAJA]," (2) "includ[e] an itemized statement from any attorney or expert witness . . . stating the actual time expended and the rate at which fees and other expenses were computed," and (3) "allege that the position of the United States was not substantially justified"); [ECF No. 15 at 2–6 (arguing that Petitioner is an eligible prevailing party)]; [id. at 8–9 (explaining fee and cost calculation)]; [ECF No. 15-1 at 3 (billing record)]; [ECF No. 15-2 at 3 (same)]; [ECF No. 15 at 6–8 (arguing that the government's position was not substantially justified)].  The Court ordered Respondents to file a further response to Petitioner's filing by April 24, 2026, [ECF No. 14], and on June 9, 2026, the Court noted that Respondents had not yet responded and ordered a response by June 16, 2026, [ECF No. 16].  Respondents have not filed any further response.

The Court will construe Petitioner's reply, [ECF No. 15], as an application for an award of $5,670.15 in attorney's fees and costs pursuant to the EAJA, and assume that Respondents oppose that application for the reasons articulated in their original response, [ECF No. 13]. Upon review of the history of this case, Petitioner's application for fees, and Respondents' opposition, the Court concludes that the issue of fees is substantially resolved by its analysis in Ndongala v. Wesling, No. 26-cv-10194, 2026 WL 1534981 (D. Mass. June 1, 2026).

That said, the government does offer two additional arguments, not addressed in Ndongala, concerning whether habeas actions are "civil actions" for EAJA purposes: First, the government argues that because the EAJA waives the United States' sovereign immunity, any ambiguity in the term "civil action" should be resolved in favor of preserving sovereign immunity, [ECF No. 13 at 4], meaning that the EAJA does not encompass habeas proceedings, [id. at 5].  Second, the government asserts that Schlanger v. Seamans, 401 U.S. 487 (1971), and

2

Harris v. Nelson, 394 U.S. 286 (1969), should inform the Court's interpretation of "civil action" for purposes of the EAJA.[1]  [ECF No. 13 at 5–6].  Relying on the premise that "when Congress enacts statutes, it is aware of relevant judicial precedent," Merck & Co. v. Reynolds, 559 U.S. 633, 648 (2010), the government avers that "Congress presumptively intended to adopt Schlanger's construction of that term as excluding habeas petitions," [ECF No. 13 at 6].  Both of these arguments fail to persuade for the same reasons: As elaborated in Ndongala, the ordinary meaning of "civil action" at the time of the EAJA's enactment unambiguously included habeas actions, and courts in this circuit have regularly treated habeas actions as civil actions for EAJA purposes in recent years.  Ndongala, 2026 WL 1534981, at *1; see Daley v. Ceja, 158 F.4th 1152, 1157, 1161 (10th Cir. 2025).

Finding the government's new arguments, like those raised in Ndongala, unavailing, the Court concludes that this was a civil action within the meaning of the EAJA and Respondents' position was not substantially justified.  See Ndongala, 2026 WL 1534981, at *1–3.  The Court further concludes that Petitioner's requested fees are reasonable.  Based on the declaration submitted with the motion, [ECF Nos. 15-1, 15-2], counsel for Petitioner spent 21.2 hours in prosecuting the petition, for which they ask to be compensated at an adjusted hourly rate of $267.46, for a total fee award of $5,670.15, [ECF No. 15 at 8–9].  Respondents have failed to

---

[1] Harris called it "gross and inexact" to refer to habeas corpus proceedings as civil actions, 394 U.S. at 293–94, and concluded that while Rule 1 of the Federal Rules of Civil Procedure made those rules applicable to all civil suits, Rule 81(a)(2) excluded Rule 33 from applying to habeas corpus petitions, id. at 295–96.  Schlanger, citing Harris, noted that "habeas corpus . . . is not automatically subject to all the rules governing ordinary civil actions."  401 U.S. at 490 n.4. Both cases had been decided when Congress passed the EAJA in 1980.  See Daley v. Ceja, 158 F.4th 1152, 1161 (10th Cir. 2025).

raise any objections to the fees sought.  See [ECF No. 16].  For the reasons elaborated in Ndongala, 2026 WL 1534981, at *4, the Court concludes that the fees are reasonable.

Accordingly, under the law as it stands today, Petitioner will seemingly be entitled to an award of $5,670.15 in attorney's fees.  That said, no separate judgment has been entered in this case in accordance with Federal Rule of Civil Procedure 58(a), and there is therefore no final judgment for purposes of the EAJA, which the government argues would render any award of fees premature, see [ECF No. 13 at 3]; but cf. Lizardi v. Wilkinson, 986 F.3d 1294, 1295 (9th Cir. 2021) ("[A] party need not wait until the judgment is final to move for attorney's fees.").  In the interests of clarity and fairness, and to permit the government to appeal the Court's decision on the petition, should it wish to do so, the Court directs the clerk to enter judgment in favor of Petitioner in accordance with Rule 58(a).  If the government does not file an appeal within 60 days of the entry of judgment, the Court will grant Petitioner's EAJA motion, assuming no intervening changes in the law.  If the government timely appeals, the Court will hold Petitioner's EAJA motion in abeyance, pending resolution of the appeal and any subsequent proceedings.

**SO ORDERED.**

July 13, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE